UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRION WEATHERSPOON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-3095** |
| **B AND B CONSTRUCTION, LLC, ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 11) is **DENIED**.

### BACKGROUND

Defendant, National Indemnity Company ("National"), removed this action from state court alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different states. National alleges that plaintiff is a citizen of Louisiana, defendant National is citizen of Nebraska, defendant B&B Construction is a Kentucky limited liability company, whose sole member, Byron Bently, is a resident of and domiciled in Salt Lick, Kentucky, with a second residence in South America, and defendant Luis Torres is a resident of and domiciled in Florida. National further alleges that the amount in controversy requirement is met in this case. Plaintiff has alleged personal injuries resulting from a motor vehicle accident, and further alleges that she sustained damages, including, but not limited to pain and suffering,

mental anguish and suffering, past and future medical, and property damage. Plaintiff seeks damages for past and future medical expenses, rental expenses, mental anguish pain and suffering, physical pain and suffering, and disability. Plaintiff has had an MRI of her cervical spine with positive findings, and has been recommended for injections and branch blocks.

Plaintiff has filed the instant motion to remand, arguing that diversity is lacking because B&B Construction is a citizen of Louisiana. National opposes the motion.

## DISCUSSION

*Legal Standards*

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

"Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). As with limited partnerships and other unincorporated associations

or entities, the citizenship of a limited liability company is determined by the citizenship of all of its members. Id. at 1080.

*Application to Facts of Case*

In moving for remand, plaintiff argues that B&B Construction is not a citizen of Kentucky, because at the relevant time, it had a "principal business office" in both Louisiana and Kentucky, and it filed an annual report with the Secretary of State of Louisiana two months prior to the motor vehicle collision sued upon. Thus, plaintiff contends that B&B was a citizen of Louisiana for diversity purposes.

Plaintiff's argument is premised on the citizenship rules pertaining to corporations. However, in addition to the fact that the factors pointed to would not render B&B Construction a Louisiana citizen if it were a corporation, because they do not establish that its principal place of business and state of incorporation is in Louisiana, B&B Construction is not a corporation, but a limited liability company. As such, its citizenship is determined by the citizenship of its members, and in this case, B&B Construction's sole member is a citizen of Kentucky. Thus, there is complete diversity of citizenship among the parties to this matter. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand (Rec. Doc. 11) is **DENIED**.

New Orleans, Louisiana, this __19th__ day of April, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3